UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL CHALLMAN,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )   1:13-cv-00699-JMS-TAB<br>) |
| HOVG, LLC, *doing business as* BAY AREA<br>CREDIT SERVICES, LLC,<br>    *Defendant*. | )<br>)<br>) |

## **ORDER**

Presently pending before the Court is Plaintiff Michael Challman's Verified Application for Entry of Default from Clerk, [dkt. 7]. In the Application, Mr. Challman states that his counsel provided Defendant HOVG, LLC ("HOVG") with an "informal extension of time" of twenty-one days from the date HOVG's Answer in this matter was originally due. [*Id.* at 1, ¶ 3.] Mr. Challman asserts that the extension made HOVG's Answer due on June 13, 2013, but HOVG did not file its Answer by that date. [*Id.* at 1, ¶¶ 3-4.]

HOVG's counsel entered appearances on June 14, 2013, [dkts. 8; 9], and responded to the Application on the same date, [dkt. 10]. In response, HOVG explains that it just retained counsel on June 14, 2013, and requested additional time – until June 19, 2013 – to file its Answer. [*Id.* at 1-2.]

Local Rule 6-1 provides for an automatic twenty-eight day extension for filing a response to a pleading, upon the filing of notice. Here, the parties' agreement was for a twenty-one day extension. HOVG's counsel appeared and sought more time to file HOVG's Answer within the twenty-eight days contemplated by Local Rule 6-1, and the requested extension made HOVG's responsive pleading still due within that initial twenty-eight day period. Additionally, the Seventh Circuit Court of Appeals favors a policy of "trial on the merits over default judgment."

- 2 -

*Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).  For those reasons, the Court **DENIES** Mr. Challman's Verified Application for Entry of Default from Clerk, [dkt. 7].

The Court notes that HOVG's request for an extension of time, which is technically a motion, was contained in its response to Mr. Challman's Application.  [Dkt. 10 at 2.]  This practice violates Local Rule 7-1(a), which provides that "[m]otions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title.  A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court."  The Court excuses HOVG's misstep, **GRANTS** the request for an extension to June 19, 2013, and **DIRECTS** the Clerk to docket HOVG's Answer to Complaint Seeking Damages for Violation of the Fair Debt Collection Practices Act (currently docketed as an exhibit to its response to the Application [dkt. 12]) as HOVG's Answer.  However, the Court expects counsel to comply with the Local Rules going forward.

06/21/2013

                                                          *[signature]*
                                                          Hon. Jane Magnus-Stinson, Judge
                                                          United States District Court
                                                          Southern District of Indiana

**Distribution via ECF only:**

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Jennifer Wigington Weller
HINSHAW & CULBERTSON LLP
jweller@hinshawlaw.com